**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BLAIR MUSE, CASE NO.:

Plaintiff,

v.

BETROS PLUMBING
CONTRACTORS, INC.,
a Florida Profit Corporation,

Defendant.
_________________________________/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, BLAIR MUSE ("Plaintiff" or "Ms. Muse"), by and through her undersigned counsel, files this Complaint against Defendant, BETROS PLUMBING CONTRACTORS, INC. ("Defendant" or "BPC"), and in connection therewith states as follows:

## NATURE OF THE SUIT

1. This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

**PARTIES, JURISDICTION, AND VENUE**

2. Ms. Muse was an employee who performed services on behalf of Defendant in Jacksonville, Duval County, Florida.

3. BPC is a Florida profit corporation located in Jacksonville, Duval County, Florida, and which, at all times relevant, performed work in Duval County, Florida.

4. Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

5. Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Duval County, Florida.

**FLSA COVERAGE**

6. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant was primarily engaged in providing plumbing services and products to customers in and around Duval County, Florida.

13. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as pipes, water heater parts, etc.,

but which had come to rest within its warehouse location in Duval County, Florida.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business without Collections Managers like Plaintiff.

**FACTUAL ALLEGATIONS**

17. Ms. Muse worked for Defendant, most recently under the title of Collections Manager, from July 7, 2024, until her separation from Defendant on January 20, 2025.

18. Ms. Muse was paid an hourly wage of $19.00 per hour during her time with Defendant.

19. Throughout her employment with BPC, Ms. Muse routinely worked fifty-five (55) or more hours per week for BPC, often seven (7) days per week, but was not paid the proper overtime premium by BPC for her many hours of overtime worked.

20. In addition to her Collections duties, Ms. Muse was routinely relied upon by BPC to act as one of its Dispatchers, too.

21. Ms. Muse was required to be "on call" by BPC, and to swiftly respond to calls from BPC customers or potential customers, many hours per week, for which Ms. Muse was often paid neither an overtime premium nor anything at all.

22. Ms. Muse always worked in Duval County, Florida, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

23. Ms. Muse had no authority to fire employees of BPC.

24. Ms. Muse had no authority to discipline employees of BPC.

25. Ms. Muse had no authority to set rates of pay for other employees or agents of BPC, or award them raises.

26. Ms. Muse never completed performance reviews of BPC employees.

27. All of Ms. Muse's major decisions or requests had to be cleared in advance by one of BPC's managers or supervisors.

28. Ms. Muse was closely monitored by BPC managers and supervisors at all times.

29. Ms. Muse followed procedures and guidelines established by BPC and exercised little or no autonomy or judgment on a routine basis.

30. The overwhelming amount of Ms. Muse's primary duties were to perform routine Collections and Dispatching tasks.

31. Ms. Muse was regularly required to clock in and out when working for BPC, and was clock-watched closely by BPC managers and supervisors.

32. The primary value that BPC placed on Ms. Muse was her services as a Collections and Dispatch worker; her "managerial" duties were limited or nonexistent, and of distinctly secondary value to BPC.

33. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

34. Plaintiff regularly worked fifty-five (55) or more hours per week for Defendant during her employment with Defendant.

35. Defendant failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her employment with Defendant.

36. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff has worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

37. Defendant violated Title 29 U.S.C. §207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

38. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

39. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

40. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

41. Based on the allegations in Paragraphs 38-40, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

42. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiff re-incorporates and re-alleges paragraphs 1 through 42 of the Complaint, above, as though set forth fully herein, and further alleges as follows:

44. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

45. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

46. Plaintiff was not an exempt employee as defined by the FLSA, and was instead a non-exempt employee as defined by the FLSA.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff suffered damages, in addition to incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendant, and that this Court:

a. Declare, pursuant to the FLSA, that the acts and practices

complained of herein were in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

***(Remainder of page left intentionally blank)***

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

DATED this 5th day of September, 2025.

Respectfully Submitted,

***/s/ Andres Kroboth***

Noah E. Storch, Esq.
Florida Bar No. 0085476
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com
E-Mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*